Minsharr, C. J.
These cases are considered together, not because the questions are identical, but *42 because a motion was made to consolidate them and a refusal of the court to so order; and, also, to require the last one to be tried first, is insisted on as error. The first case was an action commenced in the superior court of Cincinnati by James D. Creed against Leo A. Brigel and Catharine, his wife, to foreclose his lien upon certain shares of stock in the Jackson Brewing Company, the stock having been pledged to secure the payment of a note of $15,000 signed by the defendants, given in part payment of the purchase price of the stock. A recovery was resisted on the ground that the note had been obtained by fraud and duress, was without consideration, and, also, on the ground that it had been altered. The defendants demanded a jury trial which was overruled and exception taken. The case was then tried to the court which found the issues in favor of the plaintiff; and that there was due the plaintiff the sum of $18,940.66, and ordered a sale of the stock, if not paid in ten days, and awarded execution for any balance that might remain after the application of the proceeds to the amount found due and costs. The defendant filed a motion for a new trial which was overruled. The case was taken on error. to the general term where the judgment was affirmed. The questions of fact having been decided in favor of the plaintiff below, there simply remains the question in this case whether the defendants were entitled to trial by jury. The question as to whether there should have been an order for the consolidation of the cases, and as tó whether Mrs. Brigel should have been certified as a surety in the judgment will be considered after we have disposed of the second case.
It seems well settled by the former decisions of this court that the defendants were not entitled to trial by *43 jury in the case to foreclose the pledge of the stock. It was not a suit for a money judgment only. The object was to obtain an order for the sale of the stock and an application of the proceeds to the payment of the amount found due on the note. A judgment for money was not prayed for, nor was such a judgment rendered. It is true that execution was awarded for any balance that might remain due. This was in accordance with the usual practice in such cases. As a judgment it could not become a lien upon any other property of the defendants, or either of them, until a levy had been made. Black v. Boyd, 50 Ohio St., 50; Alsdorf v. Reed, 45 Id., 653; Burckhardt v. Burckhardt, 36 Id., 261.
In the second case the suit was upon the note alone to recover a judgment for the amount due. The defendants made the same defenses as in the suit to fore' close the lien on the stock, want of consideration, fraud and duress, and that the note had been altered after its execution and delivery. The plaintiff in reply set up the adjudication in the former suit. The case was tried to a jury. The plaintiff offered in evidence the note and the record in the former case and rested. The defendants offered evidence tending to support the allegations of their answers, which was rejected by the court against objection of theplaintiff, and by direction of the court a verdict wasrenderedin favor of the plaintiff for the amount claimed, to all which the defendants excepted. In this we think there was error. The defendant in error relies upon the case of Fanning v. Insurance Co., 37 Ohio St., 344. In that case the suit was upon a note different from the one involved in the former adjudication. In the former suit the note had been given for stock in the company. In the second suit the note had been *44 given for interest on the former note and an assessment that had been made on the stock for loss in business. The same defenses were made in each case. The plaintiff without having plead the same in reply, offered the record of the former adjudication. The court held that it should have been pleaded; and that whilst it would have been conclusive if pleaded, it was not so without having been pleaded. But here the note is the same in both suits; and the former record proved too much for the maintenance of the plaintiff’s right of action. It not only shows that the issues made by the answer of the defendants have been determined against them, but that the note on which the suit is prosecuted has been merged in a former judgment and that the plaintiff has therefore no cause of action. The necessary effect of a judgment is to extinguish the cause of action on which it is based, otherwise there would be no end of suits and judgments on the same cause of action. “If there is any principle of the lawr settled beyond all question, it is this, that where a. cause _of action in the language of the law, transit in ram judicatum, and the judgment thereafter remains in full force and unreversed, the original cause of action is merged and gone forever.” United States v. Leffler, 11 Peters, 100, 101; Brown’s Legal Maxims, 330. A suit may be brought upon a judgment, but not upon the former cause of action, whilst the judgment remains in force. If the judgment in this case were left to stand, the defendants, unless equity should interfere, would be compelled to' discharge the judgment in the former suit as well as in this one. In Spence v. Insurance Co., 40 Ohio St., 518, it was held that the pendency of an action of foreclosure is not a bar to an action *45 upon the note lor a judgment. This may be true. Until a judgment has been rendered there is no merger of the cause of action. The effect of a finding of the amount due and an order of sale in a foreclosure suit with an award of execution for any balance was not determined nor presented in that suit. In Doyle v. West, 60 Ohio St., 438, it is said that “The finding of the amount due is a necessary predicate to an order of sale in a foreclosure suit, and the finding is a judicial determination of the amount due,” and it was further observed that “It would be somewhat anomalous if, after the amount due on a note secured by mortgage, had been, on issue taken, heard and determined in a foreclosure suit, afterwards a suit might be brought on the notes, and the whole question again litigated,” and it was there held that a suit might be brought on the finding to recover the amount. This consists with our present holding. When the second suit is o.n the previous judicial determination of the amount, and not on the note, the consequence of two judgments on the same cause of action is avoided— the first b'eing merged in the latter. We are then of the opinion that the judgment in the suit on the note alone should be reversed, and the petition dismissed, at the costs of the plaintiff below created after the taking of the decree and order of sale in the first suit.
• As to the claim that the court erred in refusing to order a consolidation of the two actions, it may be observed (1) that section 5120, Revised Statutes, providing for consolidation, is intended simply to save costs, and not to give to either party any advantage in the prosecution of either action; and (2), in this case no error to the prejudice of the plaintiff in error has been committed, since the judgment in *46 the last case has been reversed and petition dismissed. And, finally, as to the claim that the court erréd in not causing the defendant, Mrs. Brigel, to be certified as a surety in the judgment, it may be observed (1), that the order for the sale of the stock and its application to the debt, before the issuance of an execution for any balance, substantially secures to her the benefits of this provision of the statute; and it does not appear but that the stock is of greater value than the amount of the debt. In order to reverse or modify for this reason, it should be made to appear that it will not pay the debt; and (2) it does not appear'affirmatively that she-is a surety and made application to be certified as such at the time the judgment was entered, as the statute requires.
Judgment in the first ease affirmed; and the second ease, reversed.
Williams, Burkbt, Sukab, Davis and Shauck. JJ., concur.